UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TYRELLE MOTRAY HENDERSON, JR.                                              Plaintiff,

v.                                                                    Civil Action No. 3:20-cv-P286-DJH

SUPERINTENDENT CONRAD *et al.*,                                            Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

This is a *pro se* civil-rights action brought by a prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the following reasons, the Court will dismiss this action.

### I. SUMMARY OF COMPLAINT

Plaintiff Tyrelle Motray Henderson, Jr., brings this action against "Superintendent" Steve Conrad; Officers Joseph Howell and William Mayo; and "Assistant State's Attorney" Jenifer Bell. Plaintiff sues these Defendants in both their official and individual capacities.

In the "Statement of the Claim(s)" section of the complaint, Plaintiff writes *in toto*:

> On May 23, 2018 While me and my girlfriend was walking to a restaurant to purchase food for our children When two officer drove up on the side us, hopped out of the vehicle, searched me, then took the firearm that was I was about to surprise my girlfriend with for an early birthday present. I was charged with a felony offense and participated in three types of incarceration before being able to post bond on October 28, 2018, through the bail project. During the period these charges were pending it caused so much damage in my relationship with my girlfriend and family. On May 26, 2019, Judge O'Coner . . . ruled for the evidence to be suppressed after having a hearing on November 27, 2018. . . . The case was dismissed May 21, 2019.
>
> Police Officers "Mayo" + "Howell" violated the 2nd, 4th, 9th, 11th, 13th section 1, and 14th section 1 of Amendments in the United States Constitution.
>
> The state's attorney violated the 2nd, 5th, 9th, 11th, 13th section 1, and 14th section 1 of Amendments in the United States Constitution.

The officers and state's attorney also violated Article 4 section 2 of the United States Constitution.

The aforementioned corroborates the abovementioned claims of violations, which is why I'm bringing this action against parties responsible and the municipal's/parties who hired them.

Based on my complaint of what took place and the ruling my Judge made is why I believe my constitutional rights were violated.

As relief, Plaintiff seeks damages, the return of the seized firearm, and expungement of his record as to the dismissed charges.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89

(2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Defendants Conrad, Mayo, and Howell

Plaintiff makes no specific allegations against Defendants Conrad, Mayo, or Howell in the complaint and does not specify their employer. However, for purposes of this initial review, and construing the complaint in the light most favorable to Plaintiff as the Court must do at this stage, the Court will assume that Defendant Conrad was the Chief of the Louisville Metro Police

Department (LMPD) and the supervisor of Defendants Mayo and Howell at the time the events set forth in the complaint allegedly occurred.

### 1. Official-Capacity Claims

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 558, 690 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Conrad, Mayo, and Howell are actually against their ostensible employer, Louisville Metro Government ("Louisville Metro").

When a § 1983 claim is made against a municipality such as Louisville Metro, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that Defendants Conrad, Mayo, or Howell took unconstitutional actions pursuant to a custom or policy implemented or endorsed by Louisville Metro. Indeed, the complaint references only one incident affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").

Thus, the Court will dismiss Plaintiff's official-capacity claims against Defendants Conrad, Mayo, and Howell for failure to state a claim upon which relief may be granted.

### 2. Individual-Capacity Claims

#### a. Defendant Conrad

As stated above, Plaintiff makes no specific allegations against Defendant Conrad, but for purposes of this review, the Court will assume that Plaintiff seeks to hold him liable as the supervisor of Defendants Mayo and Howell. Because the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors, *see Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), the Court concludes that Plaintiff has failed to state a claim against Defendant Conrad in his individual capacity.

#### b. Defendants Mayo and Howell

The Court next turns to Plaintiff's individual-capacity claims against Defendants Mayo and Howell. As stated above, Plaintiff alleges that on May 23, 2018, "two officers . . . searched me, then took my firearm . . . ." Thus, although Plaintiff claims that these Defendants violated his rights under a multitude of amendments to the United States Constitution, based upon his allegations, the only potentially cognizable claims the Court can discern against these Defendants are under the Fourth Amendment for unreasonable search and seizure and under the Fourteenth Amendment for the deprivation of property without due process. As such, the Court will dismiss Plaintiff's claims against Defendants Mayo and Howell under the Second, Ninth, and Eleventh Amendments for failure to state a claim upon which relief may be granted.

### i. Fourth Amendment Claims

As indicated above, the Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. However, any Fourth Amendment claim Plaintiff seeks to bring against Defendants Mayo and Howell is barred by the statute of limitations. Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)). "The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson*, 510 F.3d at 635 (citing *Kuhnle Bros., Inc.*, 103 F.3d at 519); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law.") (emphasis omitted). Generally, federal law prescribes that accrual occurs "when the plaintiff has 'a complete and present cause of action" that is, when 'the plaintiff can file suit and obtain relief.'" *Id*. (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). The Sixth Circuit has recognized that claims for unlawful search and seizure accrue at the time of

the alleged search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008).

Here, Plaintiff alleges that the unlawful search and seizure occurred on May 23, 2018. Plaintiff did not file the instant action until April 14, 2020, the date he placed the complaint in the prison mail system.[1] Because Plaintiff did not initiate this action until more than a year after the applicable statute of limitations expired for a Fourth Amendment claim, any such claim is time-barred and must be dismissed as frivolous.

### ii. Fourteenth Amendment Claim

The Court next turns to Plaintiff's claim for the deprivation of property under the Due Process Clause of the Fourteenth Amendment. "The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause." *Hudson v. Palmer*, 468 U.S. 517, 533, (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). To assert a claim of deprivation of property without due process under § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44. The law of this circuit is in accord. The Sixth Circuit held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186,

---

[1] Under the mailbox rule, a prisoner's action is deemed filed on the date it was presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)); *see also Bowlds v. Dortch*, No. 4:10-CV-P61-M, 2010 U.S. Dist. LEXIS 52499 (W.D. Ky. May 26, 2010) (applying the mailbox rule to a civil-rights action brought pursuant to 42 U.S.C. § 1983).

191-92 (6th Cir. 1985). Here, Plaintiff does not allege any reason why Kentucky state procedures would not afford him complete relief for the deprivation of his firearm. Thus, Plaintiff's Fourteenth Amendment claim must be dismissed for failure to state a claim upon which relief may be granted. Moreover, because this claim fails, Plaintiff's request for injunctive relief in the form of having his firearm returned is without merit.

### B. Defendant Bell

As with the other Defendants, Plaintiff connects no specific allegations to this Defendant but claims that she violated his rights under several constitutional provisions. For purposes of this review, the Court will assume that Defendant Bell acted as the prosecutor in Plaintiff's state-court criminal action.

### 1. Official-Capacity Claims

The Court first addresses Plaintiff's official-capacity claims against Defendant Bell. The Eleventh Amendment[2] "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments," *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993), unless Congress has validly abrogated the state's immunity or the state has waived its immunity. *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern*

---

[2] The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although the amendment does not address the possibility of suit against a state by one of its own citizens, unassailable case law has interpreted the amendment in such a way as to close that gap." *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890)).

*v. Jordan*, 440 U.S. 332, 341 (1979)). "This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment.").

Thus, Plaintiff's official-capacity claims against Defendant Bell are barred by the Eleventh Amendment and fail to state a claim upon which relief may be granted.

### 2. Individual-Capacity Claims

As to Plaintiff's individual-capacity claims against Defendant Bell, prosecutors are entitled to "absolute immunity from civil liability related to their performance of 'prosecutorial' functions.'" *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)). "Functions that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits." *Id*. (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "[D]eciding to initiate a prosecution is subject to absolute immunity." *Howell v. Sanders*, 755 F. Supp. 2d 789, 796 (E.D. Ky. 2010), *aff'd*, 668 F.3d 344 (6th Cir. 2012) (citing *Imbler*, 424 U.S. at 431). In addition, "[p]lea bargains are 'so intimately associated with the prosecutor's role as an advocate of the State in the judicial process as to warrant absolute immunity.'" *Rouse v. Stacy*, 478 F. App'x 945, 951 (6th Cir. 2012) (quoting *Cady v. Arenac Cty.*, 574 F.3d 334, 341 (6th Cir. 2009)). Moreover, "[a]s the line of absolute-immunity cases make[s] clear, . . . a prosecutor's allegedly improper motive alone is not enough to defeat absolute immunity, so long as the general nature of his actions falls within the scope of his duties as an advocate for the state." *Cady v. Arenac Cty.*, 574 F.3d at 341; *see also Grant v. Hollenbach*, 870 F.2d 1135,

1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claims alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).

Nothing in the complaint suggests that Defendant Bell was acting in any capacity other than ostensibly in her role as an advocate for the state in the judicial process involving Plaintiff. Therefore, Plaintiff's claims against Defendant Bell in her individual capacity are barred by prosecutorial immunity and will be dismissed.

### C. Expungement of Records

Finally, the Court turns to Plaintiff's request for expungement of the dismissed state-court charges related to the allegations set forth in the complaint. The Sixth Circuit has held that "the right to expungement of state records is not a federal constitutional right." *Duke v. White*, 616 F.2d 955, 956 (6th Cir. 1980); *see also Eutzy v. Tesar*, 88 F.2d 1010 (8th Cir. 1989). Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

The Court will enter a separate Order dismissing this action for the reasons stated herein.

Date:

cc: Plaintiff, *pro se*
     Defendants
     Jefferson County Attorney
4415.011